1  KAREN P. HEWITT
   United States Attorney
2  ANDREW G. SCHOPLER
   Assistant U.S. Attorney
3  California State Bar No. 236585
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5836/(619) 235-2757 (Fax)
   Email: Andrew.Schopler@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          )   Criminal Case No. 08CR0583-WQH
                                       )
11                     Plaintiff,      )   UNITED  STATES'  SUPPLEMENTAL
                                       )   M E M O R A N D U M   R E G A R D I N G
12            v.                       )   RESTITUTION
                                       )
13  CLARENCE JAMES SMITH,              )   Date:  July 18, 2008
                                       )   Time:  9:30 a.m.
14                     Defendant.      )
                                       )
15                                     )
                                       )
   _____  )
16

17         COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18  KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant United

19  States Attorney and hereby files its Supplemental Memorandum Regarding Restitution as to

20  defendant Clarence James Smith ("Defendant"), which is based on the files and records of this

21  case.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

**I**

## INTRODUCTION

On June 2, 2008, this Court requested that the United States file supplemental papers regarding (1) the legal authority to impose restitution in this case; (2) the proper amount of restitution; and (3) the apparent inconsistency between the restitution request and the parties' stipulated Guidelines recommendations.  This memorandum follows.

**II**

## STATEMENT OF FACTS

In response to the Court's concerns, the parties will soon be modifying the plea agreement in writing to explicitly address the basis for restitution.  The parties will be stipulating that the proper loss and restitution amount in this case is **$198,048**.

**III**

## THE COURT HAS THE LEGAL AUTHORITY TO IMPOSE RESTITUTION

The modified plea agreement should obviate the need for an evidentiary hearing on the issue of restitution (both as to the legal authority and the amount).  Pursuant to 18 U.S.C. § 3663(a)(3), "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."  Id.; see also United States v. Lorenzini, 71 F.3d 1489, 1495 n.8 (9th Cir. 1995) (same).  Here the parties will stipulate in the modified plea agreement to a restitution amount of $198,048.  Thus, the Court has authority to impose restitution up to that amount.

**IV**

## THE PARTIES' GUIDELINES RECOMMENDATIONS DO NOT AFFECT THE COURT'S LEGAL AUTHORITY TO AWARD RESTITUTION

At the June 2, 2008 hearing, this Court noted that the parties' were recommending approximately $200,000 in restitution, while at the same time failing to move for an upward adjustment for any loss, under USSG § 2B1.1(b)(1).  The Court requested that the Government brief the issue of whether the Court could impose restitution, in the face of this apparent

1   inconsistency.[1]  In fact, the Court has the legal authority to impose the requested restitution,

2   because its restitution decision is not bound by the parties' sentencing recommendations or even

3   the Court's own Guidelines calculations regarding the amount of loss.

4        First, nothing in the parties' Sentencing Guidelines recommendations prejudices the court's

5   ability to impose a just sentence or a fair amount of restitution.  "We have held that the district

6   court is not bound by the recommendations of the parties in sentencing, so the court did not err by

7   virtue of its refusal to follow the recommendations."  United States v. Miqbel, 444 F.3d 1173, 1175

8   (9th Cir. 2006).  Indeed, in this case even the original plea agreement states that the sentence is in

9   the sole discretion of the judge and that "the recommendation made by the Government is not

10   binding on the Court."  See Plea Agreement, Doc. #6, at pg. 7, lines 13-14.

11        Second, the amount of loss for the purposes of restitution does not have to be the same as

12   the amount of loss for the purposes of the Sentencing Guidelines.  For one thing, "loss" is defined

13   differently under the Guidelines than it is under the restitution statutes.  "[U]nder 18 U.S.C. §

14   3663, restitution can include prejudgment interest, whereas the guidelines state that loss 'does not,

15   for example, include interest the victim could have earned on such funds had the offense not

16   occurred.'  The different method of calculating loss in each case is due to the different purposes

17   behind the two statutes."  United States v. Morgan, 376 F.3d 1002, 1014 (9th Cir. 2004) (citations

18   omitted).  Furthermore, as stated above, the parties can stipulate to a restitution amount in a plea

19   agreement that could be higher or lower than the factual basis for a "loss" amount under the

20   Guidelines.  18 U.S.C. § 3663(a)(3); Lorenzini, 71 F.3d at 1495 n.8.

---

22-27

[1]    The reason for this apparent inconsistency is that the (now modified) plea agreement binds the parties to make certain Guidelines recommendations and not others.  "When the government agrees to make a certain recommendation to the sentencing court, it is bound by the agreement to make that particular recommendation."  United States v. Johnson, 187 F.3d 1129, 1135 (9th Cir. 1999) (citation omitted).  Likewise, when the government "promises not to recommend any other enhancements or departures," it is bound to uphold that promise.  Id. at 1134-35.  Here the United States has upheld its promise with respect to its Sentencing Guidelines recommendations (which it continues to support wholeheartedly), as well as its promise with regard to its restitution recommendation.

28                         3

1    For example, in United States v. Keller, No. 05-50681, 2007 WL 1545170 (9th Cir.

2    May 29, 2007) (unpublished), cert. denied, 128 S.Ct. 728 (Dec. 3, 2007), the trial court "set the

3    loss range at $1.5 to $2.5 million for Sentencing Guidelines purposes but adopted a different,

4    higher value of just over $2.9 million for restitution purposes." Id. at *1.  In affirming both the

5    district court's sentence and restitution order, the Ninth Circuit held that it was not "improper for

6    a district court to show leniency with respect to determining a defendant's prison sentence [with

7    regard to Guidelines calculations] but not with respect to awarding restitution." Id.

8                                                   **V**

9                                         **CONCLUSION**

10    The Court should order restitution to the Department of Veterans Affairs in the amount of

11    $198,048, and sentence defendant Clarence Smith to a custodial term of 6 months.  The United

12    States withdraws its prior request for a slightly higher amount of restitution.

13    DATED: June 16, 2008

14                                                   Respectfully submitted,

15                                                   KAREN P. HEWITT
                                                     United States Attorney
16
                                                     /s/ *Andrew G. Schopler*
17                                                   ANDREW G. SCHOPLER
                                                     Assistant United States Attorney
18

19

20

21

22

23

24

25

26

27

28                                                   4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CLARENCE JAMES SMITH,<br><br>Defendant. | Case No. 08CR0583-WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' SUPPLEMENTAL MEMORANDUM REGARDING RESTITUTION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     1.     Matthew Spiegel, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

     1.     None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2008.

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER